UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re:<br><br>RUSSELL H. PHIPPS and PAMELA J. PHIPPS,<br><br>        Debtors. | Case No. A05-02237-DMD<br>Chapter 7 |
| In re:<br><br>ANDREW SCOTT ACE and SUSAN MARIE ACE,<br><br>        Debtors. | Case No. A05-02238-DMD<br>Chapter 13<br><br>**Filed On<br>11/17/05** |
| In re:<br><br>MICHAEL CRAIG RIDDER,<br><br>        Debtor. | Case No. A05-02243-DMD<br>Chapter 7 |

**MEMORANDUM REGARDING EXIGENT CIRCUMSTANCES
AND WAIVER PROVISIONS OF 11 U.S.C. § 109(h)**

On November 10, 2005, this court held two hearings requiring debtors to show cause why their cases should not be dismissed for failure to establish exigent circumstances.[1] The court also heard a third debtor's motion for relief from the requirements of 11 U.S.C. § 109(h) on the same day.[2] All three of the cases were filed after October 17, 2005, and are thus subject to the new requirements found in The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").[3] Because similar issues arise in all three of these cases, this memorandum will encompass all of them.

11 U.S.C. § 109(h) is a new provision, enacted as part of BAPCPA, that governs the eligibility of individuals to be debtors in bankruptcy. It requires an individual to obtain credit counseling from an approved agency within the 180 day period preceding the date of the filing of a bankruptcy petition.[4] There are two exceptions to this requirement.[5] A debtor may temporarily defer the counseling based on "exigent circumstances" or can be

---

[1] *In re Phipps*, Case No. A05-02237-DMD, and *In re Ace*, Case No. A05-02238-DMD.

[2] *In re Ridder*, Case No. A05-02243-DMD.

[3] Pub. L. No. 109-8, 119 Stat. 23 (April 20, 2005). The majority of BAPCPA's provisions, including 11 U.S.C. § 109(h), became effective on October 17, 2005, and the court will therefore refer to this date as BAPCPA's implementation date.

[4] 11 U.S.C. § 109(h)(1).

[5] There is a third exception for debtors who reside in districts that do not have credit counseling agencies which have been approved by the United States trustee. 11 U.S.C. § 109(h)(2). This exception is not applicable in the District of Alaska.

2

completely exempted from this requirement if he can show an inability to comply based on incapacity, disability, or active military duty in a combat zone.[6]

In all three of the cases under consideration, the debtors did not attempt to obtain credit counseling before filing their petitions. In two of the cases, the debtors have argued that exigent circumstances should excuse this requirement. In the third case, the debtor contends he is unable to obtain the required counseling due to the conditions of his incarceration. The background of each case will be briefly summarized.

Case No. A05-02237, *In re Phipps*:

This chapter 7 case was filed on October 20, 2005, but using the form of petition applicable to cases filed before BAPCPA's implementation. An amended petition was filed on October 21, 2005, using the proper form. On their amended petition, the debtors requested a waiver of the requirement to obtain pre-petition credit counseling based on exigent circumstances. A certification of exigent circumstances accompanied the amended petition. In it, the debtors' counsel, Greg Oczkus, stated that the debtors' failure to obtain the required pre-petition counseling was due to an error in his office. Their bankruptcy documents had been prepared by his office prior to October 17, 2005. They were to have been filed before BAPCPA became effective. However, the documents were misplaced and not filed before the October 17 deadline. When this error was discovered, Mr. Oczkus

---

[6]11 U.S.C. § 109(h)(3), (4).

3

instructed his staff to file the debtors' petition on October 20, 2005. He then contacted the debtors and told them they would have to proceed with their bankruptcy under BAPCPA. He also told them they would need to get credit counseling and gave them a list of approved counseling agencies.

This court issued an order to show cause why the case should not be dismissed for failure to establish exigent circumstances on November 1, 2005. The debtors obtained credit counseling on November 10, 2005, and certificates from the credit counseling agency were filed the same day. At the court's show cause hearing, debtors' counsel noted that the credit counseling requirement had now been fulfilled, emphasized that the post-BAPCPA filing was due to an error in their office rather than to any fault attributable to the debtors, and argued that it would be unfair to dismiss the case now.

Case No. A05-02238-DMD, *In re Ace*:

The debtors filed their chapter 13 petition on October 23, 2005, after BAPCPA's implementation. They requested a waiver of the requirement to obtain pre-petition credit counseling based on exigent circumstances. Their declaration of exigent circumstances, filed the following day, stated that they had to immediately file bankruptcy because of the imminent foreclosure of their house, scheduled for October 25, 2005.

The court issued an order to show cause why the case should not be dismissed for failure to establish exigent circumstances on November 1, 2005. At the show cause hearing, the debtors' counsel, Jeff Carney, argued that exigent circumstances existed because

4

of the impending foreclosure on the debtors' home. He urged the court to give debtors some latitude for a brief period following BAPCPA's implementation, arguing that no one would be harmed if the debtors were permitted to get the credit counseling after filing their petition. At the time of the show cause hearing, the debtors had not yet obtained credit counseling, which Mr. Carney said was due to illness in their family and the fact that the debtors couldn't make long distance phone calls from their home phone.

Case No. 05-02243-DMD, *In re Ridder*:

The debtor filed his chapter 7 petition on November 1, 2005, along with a motion to be relieved from the requirements of 11 U.S.C. §§ 109(h)(1) and 727(a)(11).[7] He is incarcerated at the Palmer Correctional Center, not eligible for release until March of 2006. The debtor argues that it is impossible for him to comply with the credit counseling requirements because he has no Internet access and only limited phone privileges. At the hearing on his motion, he testified that he couldn't participate in a 60 to 90 minute telephonic credit counseling session because his phone calls are limited to 10 minutes and are automatically disconnected after 12 minutes. He stated that he couldn't be released from prison to go to a local credit counseling agency. When questioned by the U.S. Trustee, he conceded that he hadn't attempted to contact any credit counseling agencies before filing bankruptcy, nor had he asked his probation officer whether he could use the phone for the

---

[7]Section 727(a)(11) requires an individual chapter 7 debtor to obtain a post-petition financial management course in order to be eligible for a discharge.

5

specific purpose of obtaining the required counseling. The debtor's counsel urged him to ask the probation officer if he could get special phone privileges so that the counseling could be done, and suggested to the court that, if these privileges could not be extended to the debtor, he was incapable of complying with the credit counseling requirements, justifying a waiver under § 109(h)(4).

In all three hearings, counsel for the debtors asked the court to be compassionate and give their clients some latitude, considering the dramatic change in the law and how busy all attorneys (and the court) were before BAPCPA's effective date. The U.S. Trustee, although sympathetic to the debtors' dilemmas, indicated that the court's "hands were tied" because § 109(h) was clear on its face. She noted that none of the debtors had tried to get credit counseling before filing their petitions, nor could they be considered incapacitated or disabled, and stated that they weren't eligible to be debtors in bankruptcy.

11 U.S.C. § 109(h):

At issue in all three cases are the eligibility requirements found in new subsection 109(h) of the Bankruptcy Code.[8] Under § 109(h)(1), an individual is not eligible to be a debtor in bankruptcy unless he has obtained credit counseling from an approved agency within the 180 day period preceding the filing of his petition.[9] A debtor may obtain

---

[8] 11 U.S.C. § 109(h).

[9] 11 U.S.C. § 109(h)(1) provides:

    (1)    Subject to paragraphs (2) and (3), and notwithstanding any other provision of this

6

a temporary deferral of the credit counseling requirement based on "exigent circumstances," but under BAPCPA this phrase, at least in the § 109 context, has become a term of art requiring more than a showing of exigent circumstances.

> (3)(A)  Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that –
>
> (i)   describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
>
> (ii)  states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and
>
> (iii) is satisfactory to the court.[10]

In order for a debtor to qualify for the deferral of the credit counseling requirement under § 109(h)(3), he must not only show the existence of exigent circumstances but also certify that he has unsuccessfully tried to get credit counseling before filing his petition. Collier finds this provision "somewhat unclear."[11] This treatise notes:

---

section, an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of the filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

[10] 11 U.S.C. § 109(h)(3)(A).

[11] 2 COLLIER ON BANKRUPTCY ¶ 109.09[3] at 109-59 [15th ed. revised 2005].

7

> This language could be read to mean that a debtor who had to file a petition one day after the request [for credit counseling] was made to forestall harm such as a foreclosure, repossession, or utility shutoff, but who could obtain services in three days, would not be able to obtain a waiver of the counseling requirement and would not be eligible to file a petition. In view of the obvious intent to protect debtors facing just that sort of harm, a better reading would be to construe "services referred to in paragraph (1)" to mean "prepetition counseling services," which such a debtor would not have been able to obtain.[12]

However, Collier recognizes, as have the three reported decisions which this court has found on the subject, that the certification required under § 109(h)(3) must contain both a description of exigent circumstances *and* a statement that the debtor requested, but was unable to obtain, credit counseling before he filed his petition.[13]

Collier asks what must happen under § 109(h)(3) if a debtor files a certification with his petition, but the certification is subsequently found to be unsatisfactory to the court.[14]

> Must the petition be dismissed? It is unclear whether the court can permit the debtor, who by the time of the determination may have obtained counseling postpetition, to continue with the case. Because eligibility requirements are not jurisdictional, they may

---

[12]*Id.*

[13]*Id.; see also In re Watson*, ___ B.R. ___, 2005 WL 2990902, 2005 Bankr. LEXIS 2151 (Bankr. E.D. Va. Nov. 3, 2005) [language in § 109(h)(3)(A) should be read in the conjunctive and even if exigent circumstances exist, a debtor's failure to request credit counseling before filing petition requires dismissal of the case]; *In re Hubbard*, ___ B.R. ___, 2005 WL 2847420, 2005 Bankr. LEXIS 2093 (Bankr. S.D. Tex. Nov. 2, 2005) [debtor must satisfy each element of § 109(h)(3)(A)]; *In re Gee*, ___ B.R. ___, 2005 WL 2978962 (Bankr. W.D. Mo. Oct. 26, 2005) [debtor ineligible for exigent circumstances exception, even though impending foreclosure would establish existence of such circumstances, where she failed to request credit counseling prior to filing petition].

[14]2 COLLIER ON BANKRUPTCY ¶ 109.09[3] at 109-60.

8

> be waivable by the court if the debtor made the unsatisfactory certification in good faith . . .[15]

The eligibility requirements in § 109 are not jurisdictional in the sense that a bankruptcy court has subject matter jurisdiction to convert a case to a different chapter in instances where a debtor is ineligible for relief under the chapter initially selected.[16] But the debtor must still be eligible to proceed under at least one chapter of the Bankruptcy Code.[17] Under BAPCPA, an individual is not eligible for relief under any chapter unless he is qualified to be a debtor under § 109(h). The credit counseling certificate is an individual debtor's ticket into the bankruptcy arena and, even where exigent circumstances are present, the debtor must still try to receive the counseling before filing his petition. Section § 109(h)(3)(A) requires the court to find that the debtor's exigent circumstances certificate is satisfactory. The exigent circumstances certificate must contain a statement that the debtor tried to obtain credit counseling. There does not appear to be any basis for waiving compliance with these requirements on the grounds of a debtor's good faith. In fact, one reported decision describes the failure to seek pre-petition credit counseling as a "fatal flaw" which renders the debtor ineligible for bankruptcy and requires dismissal of the case.[18]

---

[15]*Id.*

[16]*See Fed'l Deposit Ins. Corp. v. Wenberg (In re Wenberg)*, 94 B.R. 631, 635-37 (B.A.P. 9th Cir. 1988); *aff'd* 902 F.2d 768 (9th Cir. 1990) [court had jurisdiction to convert an ineligible chapter 13 debtor's case to chapter 7 and *sua sponte* dismissal was not required].

[17]11 U.S.C. § 301(a) provides that a voluntary case is commenced "by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter."

[18]*Watson*, ___ B.R. ___, 2005 WL 2990902 at 4.

9

If a debtor satisfactorily establishes exigent circumstances, he must nonetheless obtain the credit counseling within 30 days from the date his petition was filed, "except that the court, for cause, may order an additional 15 days."[19] A complete waiver of the credit counseling requirement can only be obtained where an individual debtor establishes that he is unable to complete the requirements due to "incapacity, disability, or active military duty in a military combat zone."[20]

> For the purposes of [§ 109(h)(4)], incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and "disability" means that the debtor is so physically impaired as to be unable, after a reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1).[21]

Applying the provisions of § 109(h) to the three cases at issue, I conclude that the *Phipps* and *Ace* cases must be dismissed for their failure to establish exigent circumstances as required under § 109(h)(3). In each of these cases, although I feel that there are circumstances which would justify an exigent filing, the debtors did not attempt to obtain prepetition credit counseling. This failure precludes a finding that their certification is "satisfactory" to the court, and renders them ineligible to be debtors under any chapter of the Bankruptcy Code.

---

[19] 11 U.S.C. § 109(h)(3)(B).

[20] 11 U.S.C. § 109(h)(4).

[21] *Id.*

10

Similarly, the *Ridder* case must be dismissed because the debtor has not established that he is disabled within the meaning of § 109(h)(4). The conditions of the debtor's incarceration may be physically confining, but do not make him "physically impaired," as that condition is defined within § 109(h)(4). Moreover, the debtor testified that he could get permission to use the telephone for special purposes, such as court hearings, and that he had not approached his probation officer about the possibility of getting phone privileges for credit counseling. Accordingly, even if this court were to equate the debtor's incarceration with a "disability," the debtor has failed to show that he is so impaired that he cannot participate in any form of credit counseling. The debtor's motion for relief from the requirements of § 109(h)(1) and 11 U.S.C. § 727(a)(11) will be denied and his case will be dismissed.

The outcome in these three cases may seem harsh and unjust. However, as noted by Judge O'Scannlain in another context,

> It cannot be overemphasized that we deal here with matters that are absolutely fundamental to the integrity of the Bankruptcy Code: the balance struck between the rights of creditors on the one hand, and the policy of affording the debtor a fresh start on the other. How to strike that balance is an inordinately difficult question – a question of public policy – as to which reasonable minds may and quite frequently do differ. Our task is, perhaps, a relatively easier one, for we have only to apply the law as Congress has written it. What Congress deemed a proper balancing of the equities as between debtor and creditor . . . it has enacted in . . . the Bankruptcy Code. It is not

11

for the courts to restrike that balance according to their own lights.[22]

DATED: November 17, 2005

> BY THE COURT
>
> /s/ Donald MacDonald IV
> DONALD MacDONALD IV
> United States Bankruptcy Judge

Serve:  G. Oczkus, Esq. (for Phipps)
       J. Carney, Esq. (for Ace)
       P. Paslay, Esq. (for Ridder)
       K. Battley, Trustee (for Phipps and Ridder)
       L. Compton, Trustee (for Ace)
       K. Hill, Esq. (for U.S. Trustee)

       11/17/05

---

[22]*Beezley v. Calif. Land Title Co. (In re Beezley)*, 994 F.2d 1433, 1439-1440 (9th Cir. 1993) (O'Scannlain, J., concurring).